IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FRANCISCO GONZÁLEZ-RÍOS** in his capacity as the sole remaining trustee and administrator of the **Royalty Fund Mechanized Cargo Local 1575 de la International Longshoreman Association** *Plaintiff* v. **MATSON, INC.; MATSON NAVIGATION COMPANY, INC.; FRANCISCO DÍAZ-MORALES; JOSÉ AGUSTÍN PADILLA GONZÁLEZ and John Doe 1-100** *Defendants* | Civil No.: Interpleader Action Under ERISA |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COMES NOW** Francisco González-Ríos (from hereinafter "González-Ríos"), in his capacity as the sole remaining trustee and administrator of the Royalty Fund Mechanized Cargo Local 1575 de la International Longshoreman Association (from hereinafter "Royalty Fund"), by and through its undersigned counsel, and respectfully states and prays as follows:

## I. NATURE, JURISDICTION, AND VENUE FOR THIS CIVIL ACTION

1.     This interpleader action rises out of the asserted and expected competing beneficiaries' claims to liquidate, allocate, and disburse the Royalty Fund's remaining assets—which constitutes a multiemployer-sponsored benefits plan regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§1101-1461.

Interpleader Action
Page 2

2.     This Court has subject-matter jurisdiction over this action under 29 U.S.C.A. §§1132(a)(3) and (e)(1); 28 U.S.C.A. §1331; and Fed.R.Civ.P 22(a)(1) which enable fiduciaries to obtain equitable relief in anticipation of or in response to competing claims regarding benefits plan payments under ERISA.

3.     Venue is proper under 28 U.S.C.A. §1391 and 29 U.S.C.A. §1132(e)(2), insofar as all the events giving rise to this case occurred within the district of Puerto Rico; all defendants are subject to personal jurisdiction therein; and the benefits plan is also administered within this Court's jurisdiction.

## II. THE PARTIES

4.     González-Ríos is of legal age and currently serves as the Royalty Funds' sole remaining trustee, as well as its benefits plan administrator. His physical address is Ave. John F. Kennedy 1055, Edificio ILA, Suite 207, San Juan, Puerto Rico, 00922. And his postal address is P.O. Box 51366, San Juan, P.R.  00950-1366.

5. Co-defendant Matson, Inc. (from hereinafter "Matson") is a duly organized corporation under the laws of the State of Hawaii. According to the Hawaii Department of State published records, Matson's current address is 1411 Sand Island Pkwy, Honolulu, Hawaii, 96819.

6. Co-defendant Matson Navigation Company, Inc. (from hereinafter "Matson Navigation") is a duly organized corporation under the laws of the State of Hawaii. According to the Hawaii Department of State published records, Matson Navigation's current address is Att Law Dept, 555 12th Street, Suite 700, Oakland, California, 94607.

Interpleader Action
Page 3

7.      Co-defendant Francisco Díaz-Morales (from hereinafter "Díaz-Morales") is of legal age and, a Royalty Fund beneficiary. His last known physical and postal address is Dr. José A. Dávila, BG-18, 5ta Sección, Levittown, Toa Baja, Puerto Rico, 00940.

8.      Co-defendant José Agustín Padilla González (from hereinafter "Padilla-González") is of legal age and, a Royalty Fund beneficiary. His last known physical and postal address is Urb. Caparra Terrace, 1252, Calle 16 SE, San Juan, Puerto Rico, 00921.

9.      Co-defendants John Doe 1-100 are unknown natural persons who are Royalty Fund beneficiaries. Upon learning their real identities, if any, González-Ríos will amend the complaint accordingly in due course.

### III. FACTUAL BACKGROUND

**a. The Royalty Fund's creation and purpose**

10.     The Royalty Fund was created through a Trust Agreement dated March 26, 1993 and its constitutive document was later amended, on April 9th, 2010, via *Deed of Trust Number* 1.[1]

11.      The Royalty Fund was established as the means for current and future employers, such as Matson and Matson Navigation, to provide financial benefits to members of the International Longshoreman Local 1575 Union (from hereinafter "Union.").

**b. The Royalty Fund's operational requirements**

12.     The Royalty Fund's *Deed of Trust* imposes certain requirements to undertake and perform its operations.

---

[1] See Exhibit A *Deed of Trust* Number 1 dated April 9, 2010.

Interpleader Action
Page 4

13.     At all times there must be, at least, 2 named Royalty Fund's trustees[2]—the employers, such a Matson and Matson Navigation, name half of them and the Union appoints the remaining ones.[3]

14.     To meet the requisite meeting quorum, half of the appointed Royalty Fund's trustees plus 1 must be in attendance.[4]

15.     The Royalty Fund's trustees' majority vote is required to approve any act.[5]

16.     The lack of quorum in 2 or more consecutive meetings results in an impasse— which requires submitting the issue(s) to arbitration.[6]

17.     The absence of the requisite majority vote of the Royalty Fund's trustees also results in an impasse requiring arbitration.[7]

18.     The duly appointed trustees also possess and control all the Royalty Trust's assets.[8]

19.     Even though up to 6 trustees may be named to the Royalty Fund board of trustees,[9] only 2 were ever appointed.

**c. For want of the requisite number of duly appointed trustees, the Royalty Fund remains inoperative**

20.     Horizon Lines Inc, named Rafael Cuevas-Kuinlam, Esq. to the Royalty Fund's board of trustees.

21.     On or about June, 2014, the Union designated González-Ríos as its Royalty Fund's trustee.

---

[2] *Id.*, ¶ Quinta(A).
[3] *Id.*
[4] *Id.*, ¶ Quinta (F).
[5] *Id.* ¶Quinte(F).
[6] *Id.*, Quinta (G).
[7] *Id.*
[8] *Id.*, ¶ Cuarta.
[9] *Id.*, Quinta (A).

Interpleader Action
Page 5

22.     Royalty Fund trustee Rafael Cuevas-Kuinlam passed-away on October 11, 2023.

23.     Matson and Matson Navigation were the last Union employers under the Royalty Funds' benefit plan.

24.     Matson and Matson Navigation, closed their Royalty Fund-related operations on March 13, 2015.

25.     Matson and Matson Navigation, as last employers, also withdrew from the Royalty Fund's benefit plan on March 13, 2015.

26.     Matson and Matson Navigation, as last employers, failed to name a replacement trustee after trustee Rafael Cuevas Kuilam's passing, as required by the *Deed of Trust*'s Section Five, subsections A and C. Nevertheless, they named trustees for another pension plan that is not related to the Royalty Fund, known as the ILA-PRSSA Pension Fund.

27.     Matson's and Matson Navigation's withdrawal from the Royalty Trust benefits plan automatically triggered its termination under 29 U.S.C.A. §1341(a)(2).

28.     There being no current employer, no additional trustee may be appointed to the Royalty Fund's board  as required by its *Deed of Trust*.

29.     González-Ríos currently remains as the Royalty Fund's sole appointed trustee and benefits plan's administrator.

30.     By not having the minimum number of the required trustees, the Royalty Fund's operations have come to a standstill.

Interpleader Action
Page 6

**d. Asserted competing claim to liquidate and disburse the Royalty Fund's remaining assets**

31.    On December 15th, 2023, Royalty Trust's beneficiary Díaz-Morales sued González-Ríos in state court case SJ2023CV11594, brought under Puerto Rico's Trust Act (from hereinafter "State Court Action").[10]

32.    The State Court Action sought to oust Díaz-Ríos as the Royalty Fund's trustee and benefits plan's administrator.[11]

33.    The State Court Action also requested a court-appointed trustee to audit, administrate, and liquidate the Royalty Trust's assets.[12]

34.    The State Court Action further asked to decree that the Royalty Trust's beneficiaries are entitled to receive its remaining assets.[13]

35.    The State Court Action also called for disbursing the Royalty Trust's remaining assets to its beneficiaries.[14]

36.    González-Ríos timely removed the State Court Action to this federal district court under ERISA jurisdictional grounds.[15]

---

[10] FRE 201(b) enables this court to take judicial notice of *Francisco Díaz Morales v. Junta de Síndicos del Royalty Fund Mechanized Cargo Local 1575 ILA Through its Administrator and Trustee Francisco González Ríos, et al*, 24-cv-01096 (GMM), Docket 1, which contents can be accurately and readily determined from its own public dockets—which is an undisputable source. See *Banco Santander de P.R. v. López-Stubbe (In re Colonial Mortg. Bankers Corp.),* 324 F.3d 12, 20 (1st Cir. 2003*); Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.,* 547 F.3d 48, 51 (1st Cir. 2008); *United Stated v. Bauzá*, 867 F.3d 17, 23 (D.PR, 2017);  *United States v. Mercado*, 412 F.3d 243, 247 (1er Cir. 2005); Christopher B. Mueller, Laird Kirkpatrick and Lieda Richer, *Evidence*, 6th Ed., §2.7, p. 80 (Aspen Publishing, 2018) ("Judges may notice court records and material in court files under FRE 201(b)(2), including…court records in related proceedings); 1 Weinstein's Federal Evidence §201.12[3] (2025).
[11] *Id*., Docket 9, Attachment 1.
[12] *Id*.
[13] *Id*.
[14] *Id*.
[15] *Id*., Docket 1.

Interpleader Action
Page 7

37.      After considering Díaz-Morales' motion for remand[16] and González-Ríos opposition thereto,[17] Federal District Judge Gina Méndez-Miró ruled that federal jurisdiction attached because ERISA's provisions solely govern the State Law Action claims in their entirety.[18]

38.      Before González-Ríos could file his responsive pleading or dispositive motion, Díaz-Morales voluntarily dismissed his lawsuit without prejudice.[19]

39.      In addition to the claims asserted by Díaz-Morales, co-defendant Padilla-González has independently approached the Royalty Fund and its sole remaining trustee to question the Fund's continued operation, viability, and administrative expenses.

40.      Padilla-González has personally visited the Royalty Fund's offices to demand explanations regarding its financial condition and to challenge the necessity of maintaining an active trust structure following the employers' withdrawal and the Fund's statutory termination.

41.      During these visits, Padilla-González has insisted that the Royalty Fund's remaining assets should be liquidated and distributed to the beneficiaries without further delay. He has expressed his view that the Fund's ongoing administrative functions are unnecessary and that any continued operation constitutes an avoidable expense that diminishes the beneficiaries' ultimate share.

42.      His demands have been framed as a prerequisite to determining whether the Fund should continue to exist or whether immediate liquidation is warranted for the beneficiaries' benefit.

---

[16] *Id.,* Docket 10.
[17] Id., Docket 14.
[18] *Id*., Dockey 15.
[19] *Id*., Docket 16.

Interpleader Action
Page 8

43.    The positions asserted by Padilla-González materially differ from, and in some respects conflict with, the claims previously advanced by Díaz-Morales in the State Court Action.

44.    Taken together, these competing pressures underscore the real and imminent risk that González-Ríos will face inconsistent demands, duplicative litigation, and potential personal liability if he attempts to administer, liquidate, or distribute the Fund's assets without judicial guidance. These circumstances further justify the need for interpleader relief under ERISA and Rule 22.

**e. González-Ríos' inability to liquidate, apportion, or distribute any of the Royalty Fund's remaining assets**

45.    With just Gónzález-Ríos being the sole remaining appointed trustee on the Royalty Trust's board, the Royalty Trust governance is truncated.

46.    The lack of the requisite second appointed trustee also serves to bar González-Ríos from liquidating, allocating, or dispose of Royalty Fund's assets to its beneficiary.

47.    According to the Royalty Fund's current records, there are 368 displaced workers who are plan beneficiaries.

## IV. CAUSE OF ACTION: *INTERPLEADER*

48.    González-Ríos hereby incorporates and adopts by reference all its preceding allegations.

49.    The Royalty Fund's *Deed of Trust* requires that 2 or more appointed trustees approve, by majority vote, any act.

50.    Being the sole remaining appointed trustee and benefits plan's administrator, González-Ríos is barred, on his own, from liquidating, allocating, or disbursing any of the Royalty Fund's remaining assets to its plan beneficiary or beneficiaries.

Interpleader Action
Page 9

51.     By reason of defendants' asserted and anticipated claims regarding the liquidation and disbursement of the Royalty Trust's remaining assets, González-Ríos is exposed to multiple defendants' claims.

52.     González-Ríos, as a mere plan administrator and trustee, claims no title or interest in any of the Royalty Fund's remaining assets.

53.     González-Ríos is ready and willing to properly tender to this Court or to a court-appointed liquidation trustee the Royalty Fund's remaining assets for apportionment and disbursement to their corresponding beneficiary or beneficiaries.

54.     According to its most recent records, the Royalty Funds' total assets to be liquidated and disbursed amounts to approximately $250,000.00, deposited in a Banco Popular de Puerto Rico account, as well as $100,000.00 held at Insigneo Securities, LLC.

55.     Given González-Ríos' inability to liquidate, allocate, or disburse any of the remaining Royalty Fund's assets, defendant beneficiary or beneficiaries must interplead their claims for this Court's consideration, determination, apportionment, and disbursement.

56.     Pursuant to Federal Civil Rule 22's precepts, González-Ríos is not required to deposit the Royalty Fund's remaining assets with the Clerk of this Court.

57.     Pursuant to Federal Civil Rule 22's provisions, González-Ríos is also not required to post a bond.

## IV. PRAYER FOR RELIEF

WHEREFORE, González-Ríos respectfully requests this Court to:

i) direct defendant beneficiary or beneficiaries to interplead their claims with this Court regarding the liquidation, apportionment, and disbursement of the Royalty Fund's remaining assets;

Interpleader Action
Page 10

ii) enjoin all defendants from commencing or prosecuting any other action to claim, liquidate, apportion, disburse and/or collect any portion of the Royalty Fund's remaining assets;

iii) Pursuant to 29 U.S.C.A. §1341a(b)(2)(A), determine the date of the Royalty Trust's termination;

iv) properly apportion, liquidate, and disburse the Royalty Fund's remaining assets to its entitled beneficiaries;

v) allow González-Ríos to deposit all the remaining Royalty Fund's assets with this Court, or, in the alternative, to appoint a trustee to liquidate, apportion, and distribute all the remaining Royalty Fund's assets in accordance with this Court's payment determination;

vi) dismiss González-Ríos as a party from this interpleader action;

vii) discharge González-Ríos from any further responsibility and liability regarding the liquidation, allocation, and disbursement of the Royalty Fund's remaining assets;

viii) award González-Ríos his reasonable attorney's fees and costs as allowable under 29 U.S.C.A. §1132, to be paid-out strictly from the Royalty Fund's remaining assets; and

ix) any other relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, this 12th day of June, 2026.

**ROMERO NIEVES LAW OFFICES LLC**
290│Jesús T. Piñero Ave.
Suite 1105 │ Box 4
San Juan │ Puerto Rico
00918-4002
T.: 787.758.2448
E.: lromero@romero-nieves.com

*f/Luis Enrique Romero Nieves*
USDC-PR No.: 230211